UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAWRENCE NORMAN MAIN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 01-87 (PAM/JMM)

REPORT AND RECOMMENDATION

The above matter is before the Court on a Federal Petition for Writ of Habeas Corpus [Docket No. 1] pursuant to 28 U.S.C. §2241. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. §636(b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that the Writ be denied and the Federal Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed without prejudice.

**FINDINGS OF FACT/REPORT**

Petitioner has filed two unsuccessful Motions to Vacate under 28 U.S.C. §2255. He sought permission from the Eighth Circuit to file a third §2255 motion, which was denied. Petitioner now seeks habeas corpus relief under 28 U.S.C. §2241, arguing that his sentence should be reduced in light of the holding in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000)(criminal defendant has right to have jury make findings as to facts that result in enhancement of penalty). Respondent argues that Petitioner's prior §2255 motions preclude the Court from considering the merits of his §2241 petition.

FILED APR 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD

In 1992 Petitioner was tried and convicted on two federal drug charges: (1) conspiracy to possess and distribute methamphetamine, and (2) aiding and abetting possession with intent to distribute methamphetamine. Petitioner was sentenced to 20 years in federal prison, to be followed by ten years of supervised release, in part based upon the amount of methamphetamine he was found to have possessed. Petitioner has filed multiple §2255 motions challenging his sentence. On September 3, 2000, Petitioner sought permission from the Eighth Circuit to file a successive §2255 motion based on the decisions in Apprendi and United States v. Murphy, 109 F. Supp.2d 1059 (D. Minn. 2000)(Doty, J.). Petitioner's request was denied on November 29, 2000.

The provisions of 28 U.S.C. §2255 describe the procedure to be followed by a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." If a prisoner has sought relief pursuant to §2255 and that relief has been denied, the prisoner may not seek habeas relief unless he establishes that the remedy available to him under §2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. If a prisoner satisfies this burden, he may bring a habeas petition under §2241. See United States v. Lurie, 207 F.3d. 1075, 1078 (8th Cir. 2000); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). The mere fact that one is procedurally barred from proceeding under §2255 is not a basis upon which it may be claimed that the remedy is inadequate or ineffective. Lurie, 207 F.3d. at 1077; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998).

There is no dispute that Petitioner has filed prior, unsuccessful §2255 motions challenging his sentence. In other words, his sentencing court has denied him relief under §2255. Therefore, the Court is barred from considering the merits of his §2241

petition unless he can show that "the remedy by motion is inadequate or ineffective to test the legality of his detention." Petitioner argues that the Apprendi decision, filed June 26, 2000, applies retroactively to cases on direct appeal and to initial §2255 motions. He suggests that the remedy available to him under §2255 is inadequate, because the Apprendi decision changed the law under after he filed his first §2255 motion, and because his application to file a successive §2255 motion (in which he planned to rely upon Apprendi) was denied by the Eighth Circuit.[1]

## I. SECTION 2255 REMEDY IS NOT INADEQUATE OR INEFFECTIVE.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), §2255 was amended to provide that after a prisoner has filed one motion under §2255, a second or successive motion may be filed only with the permission of the Court of Appeals. One of the circumstances under which allowance of a successive §2255 motion is appropriate is where the successive motion will contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255. We emphasize here that it is required that the Supreme Court make its decision retroactive. It is not enough that District Courts may do so.[2]

---

1

We have considered the issue of whether a prisoner should be able to file a §2241 petition in light of Apprendi in another case in this District and recommended denial of the Petition for Writ of Habeas Corpus. See U.S. ex rel. Perez v. Warden, FMC Rochester, No. 00-2248 (D. Minn. Feb. 27, 2001)(Report and Recommendation).

2

At the District Court level, the courts are not in agreement. Compare United States v. Pittman, 120 F. Supp.2d 1253 (D. Or. 2000)(Apprendi not retroactive on collateral review), with United States v. Murphy, 109 F. Supp.2d 1059 (D. Minn. 2000)(Apprendi is retroactive).

The Court of Appeals for the Eighth Circuit has held that a successive §2255 motion based on the Supreme Court's holding in Apprendi is barred at this time, "because the Supreme Court has not made Apprendi retroactive to cases on collateral review." Abdullah v. United States, 240 F.3d 683, 687 (8th Cir. 2001)(citing Rodgers v. United States, 229 F.3d 704, 706 (8th Cir. 2000)). Although Apprendi did announce "a new rule of constitutional law," it has not yet been made retroactive by the Supreme Court. Accordingly, Petitioner's application to the Eighth Circuit to file a successive §2255 motion on that ground was denied.

The opportunity to seek a successive petition is not forever closed, however. "Should the Supreme Court later provide that Apprendi is retroactive, [Petitioner] may again seek leave to file a second or successive §2255 motion before the district court raising his Apprendi claim." United States v. Falls, 2000 WL 1610733 (8th Cir. Oct. 30, 2000). We thus do not conclude that the remedies of § 2255 available to Petitioner will be "inadequate or ineffective to test the legality of his detention." Looked at another way, if the Supreme Court concludes that the Apprendi decision is not to be applied retroactively, then Petitioner will not be entitled to that relief in any event.

## II. BAILEY CASES ARE DISTINGUISHABLE.

It is true that a number of Circuits have found § 2255 to be inadequate to test a prisoner's challenge to his detention under the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), which announced a new rule of statutory interpretation. However, the situation in Bailey involving statutory construction is unlike the new rule of constitutional law presented by Apprendi.

In Bailey, the Supreme Court adopted a new interpretation to a statute which made it unlawful to "use" or "carry" a firearm during a drug trafficking offense or a crime of violence, which differed from the interpretation of all courts of appeals. As a result, some defendants were convicted by juries who were given incorrect instructions as to what constitutes the offense, and may have been actually innocent of the crime for which they had been convicted. A number of courts then held that habeas relief was available, even if §2255 relief had already been denied. A successive §2255 motion is not a possibility in Bailey cases, because Bailey presented a new rule of statutory construction, not a retroactive new rule of constitutional law. See Triestman v. United States, 124 F.3d 361, 372 (2d. Cir. 1997)(holding petitioner barred by plain language of §2255 from ever raising Bailey claim in successive §2255 motion); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d. Cir. 1997); and In re Vail, 115 F.3d 1192 (4th Cir. 1997).

We are persuaded that the rationale underlying the Bailey cases does not have direct application to the facts presented here. In this case, unlike the Bailey cases, the possibility of proceeding with a second successive motion under §2255 by way of the provisions of 28 U.S.C. § 2244(b)(2)(A) remains open. We also note that the Petitioner does not present a claim of actual innocence, but rather the claim that his sentence may be greater than it otherwise would have been if the factual issues underlying the sentence enhancement had been presented to a jury rather than decided by the sentencing court.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Writ be denied and the Federal Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed without prejudice.

Dated: April 17, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 2, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.